No. 244 April 1, 2026 155

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICKEY GLENN GROSS II,
*Defendant-Appellant.*

Douglas County Circuit Court
22CR50339, 24CR65310; A186608 (Control), A186604

Robert B. Johnson, Judge.

Submitted February 13, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate
Section, and Peter Klym, Deputy Public Defender, Oregon
Public Defense Commission, filed the brief for appellant.

Lauren P. Robertson, Assistant Attorney General, waived
appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In these two consolidated cases, defendant appeals judgments of conviction entered after defendant pleaded no contest. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In each of the two cases, defendant pleaded no contest to one count of unauthorized use of a vehicle. In Case No. 22CR50339, defendant was sentenced to a stipulated sentence of 18 months' imprisonment followed by 12 months' post-prison supervision and a one-year license suspension. In Case No. 24CR65310, he was sentenced to a stipulated 24 months' imprisonment with 12 months' post-prison supervision and a one-year license suspension. The sentences are concurrent.

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, and taking into account our statutorily circumscribed authority to review, *see* ORS 138.105, we have identified no arguably meritorious issues. *See* ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]"); ORS 138.105(9) ("The appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant.").

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.